# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00372-STV

STEPHEN CENTOFANTI,

    Plaintiff,

v.

BRIAN EVANS, an individual
TACTICAL ADVANTAGE, INC., a Wyoming corporation
RAYMOND MEZE DAVOUDI, an individual
MOMENTUM FOUNDATION, INC., a Tennessee corporation
XP SERVICES, INC., a Tennessee corporation
COASTAL DEFENSE, INC., a Pennsylvania corporation

    Defendants.

## DEFENDANT RAYMOND MEZE DAVOUDI'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT AGAINST HIM

    Pursuant to Fed. R. Civ. P. 12(b)(6) Defendant Raymond Meze Davoudi ("Davoudi") moves to dismiss all of plaintiff's claims against him for failure to state a claim on which relief can be granted, specifically the First, Third, Fourth, and Fifth claims for relief set forth in the Complaint, alleging, respectively, negligence, intentional

infliction of emotional distress, negligent infliction of emotional distress, and strict liability distress.  By way of background, Defendant Brian Evans was piloting a ferry flight for hire aboard an experimental aircraft.  Mr. Davoudi was a passenger.  At no time did Mr. Davoudi control, operate, or pilot the aircraft.  The plane hit several electrical wires that subsequently hit Plaintiff's car while he was driving.   As grounds for this motion, Davoudi states that as a mere passenger on board an aircraft, he owed no legal duty to prevent harm to the Plaintiff, and for that reason all  claims against him should be dismissed

## UNDISPUTED FACTS

The following factual allegations in the Complaint should be taken as true for purposes of this motion.  On March 28, 2015, Mr. Davoudi accompanied defendant Brian Evans on a ferry flight planned from Grand Junction, Colorado to Gadsden, Alabama.  Complaint Para. 10, 13. The aircraft was a tandem two seater Vodochody L39 fighter trainer jet ("Vodochody").  *Id.* at Para 10.  The Vodochody is an experimental class aircraft under the definitions of the Federal Aviation Administration ("FAA").  *Id.* at Para. 15-16.

Mr. Davoudi is not a pilot.  Complaint, Para. 11.  Mr. Davoudi was not a paying passenger on the Vodochody, but an acquaintance of Mr. Evans.  *Id*. at Para. 16.  Mr. Evans was the pilot of the plane, and had been contracted by the airplane's owner to conduct the ferry flight.  *Id*. Para. 2, 13.  According to the Complaint, Mr. Davoudi

"assisted and/or participated," in some unspecified manner, with the task of ferrying the Vodochody from Colorado to Alabama. *Id*. Para. 16. There is no allegation that Mr. Davoudi piloted or controlled the plane. During the flight, the plane hit several power lines near the DeBeque Canyon located on Colorado Interstate 70. Complaint, Para. 24. The power lines broke and hit Plaintiff's vehicle as he was driving on Colorado Interstate 70. *Id*. at Para. 30. Plaintiff suffered injuries and damages as a result of his vehicle being hit by the wires. *Id.* at Para. 31, 33. The pilot, Mr. Evans, subsequently had his pilot license suspended for 180 days for his conduct on the day of the flight. *Id*. at Para 46. Plaintiff filed his action against Mr. Evans, Mr. Davoudi, and the aircraft owners on January 11, 2017. The matter was removed to Federal Court on February 9, 2017.

## LEGAL STANDARD

The Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted as against Mr. Davoudi. To withstand a Rule 12(b)(6) motion to dismiss, the complaint must state factual allegations, which taken as true, "state a claim for relief that is plausible on its face." *Khalik v. United Airlines* 671 F.3d 1188, 1190 (10th Cir. 2012); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). After disregarding conclusory statements, remaining factual allegations must "plausibly suggest the defendant is liable." *Khalik, supra*, 671 F.3d at 1191. A claim for relief is plausible when the facts plead create a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts must

demonstrate relief above a speculative level. *Twombly*, 550 U.S. at 555. Without a reasonable inference that the defendant is liable, a motion for dismissal must be granted. See *Ashcroft*, 556 U.S. at 678. Further, "a complaint may be dismissed if the substantive law does not support the claims asserted." *Western Innovations, Inc. v. Sonitrol Corp.*, 187 P.3d 1155, 1158 (Colo. App. 2008).

## LEGAL ARGUMENT

<u>There is No Legal Duty Imposed on an Airplane Passenger to protect Bystanders from the Operation of the Airplane by the Pilot:</u>

It is well established Federal law that only the pilot in command of an aircraft "is directly responsible for, and is the final authority as to, the operation of that aircraft."14 CFR § 91.3. The pilot operating the aircraft has a duty not to operate that aircraft in a "careless or reckless manner so as to endanger the life or property of another. 14 CFR § 91.13(a). The pilot is responsible for the safety of not only the aircraft's passengers, but to persons and property on the ground. *Id.* Here, the Complaint fails to indicate any reasonable legal basis to show how Mr. Dovoudi, as a non-pilot passenger, is liable for the events caused by the pilot on March 28, 2015. Mr. Davoudi is not a pilot. Mr. Davoudi did not operate or control the Vodochody. The Complaint admits that Mr. Evans was the pilot and not Mr. Davoudi. Complaint, ¶ 42. By law, and according to the allegations in the Complaint, Mr. Davoudi is not a pilot and consequently does not qualify as a person allowed to operate an aircraft. Had Mr. Davoudi operated or piloted the aircraft in any way without a pilot's license, he could have been fined and/or

imprisoned. *49 U.S.C. § 46317(a).*[1] There is no allegation in the complaint that he did so.

Significantly, the FAA suspended Mr. Evans' license for 180 days, but did not find any fault with Mr. Davoudi. *See* Complaint, ¶ 46. Even assuming the allegations in the pleadings as true, that Mr. Davoudi assisted and/or participated in some unnamed fashion with the task of ferrying the Vodochody, it is clear that Mr. Davoudi did not pilot or control the plane, nor was he legally authorized to do so. Mere presence on an aircraft does not impose a duty on a passenger to pilot or control it in a safe manner, or any manner at all.

The Complaint begs the question, what is the legal duty that Mr. Davoudi, a passenger, owed to Plaintiff? Because Mr. Davoudi did not operate or control the plane in any manner, he could not cause the harm Plaintiff alleged. There is no reasonable interpretation of the Complaint that can impose liability upon Mr. Davoudi for the damages caused by the plane's unsafe operation by its lawfully certificated pilot. The claims stated therein should fail as a matter of law.

---

[1] §46317. Criminal penalty for pilots operating in air transportation without an airman's certificate
    (a) General Criminal Penalty.—An individual shall be fined under title 18 or imprisoned for not more than 3 years, or both, if that individual—
        (1) knowingly and willfully serves or attempts to serve in any capacity as an airman operating an aircraft in air transportation without an airman's certificate authorizing the individual to serve in that capacity;

**WHEREFORE**, Defendant Mr. Davoudi respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice as against him, and that he be awarded his costs and attorney fees according to law.

Respectfully submitted this 27th day of March, 2017.

<div style="margin-left:2em;">

S/Michael L. Poindexter
Michael L. Poindexter
The Law Offices of Michael L. Poindexter
2132 Montane Dr. E.
Golden CO 80401
Telephone: 303 526-1980
FAX:  303 526-1981
E-mail:  poinlaw@aol.com
Attorney for Defendant Raymond Meze Davoudi

</div>

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date, March 27, 2017, electronically filed the foregoing **DEFENDANT RAYMOND MEZE DAVOUDI'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST HIM** with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to the following:

Brett M. Godfrey
GODFREY JOHNSON
9557 S. Kingston Court
Englewood, Colorado 80112

Email: godfrey@gojolaw.com

*Attorneys for Defendants Brian Evans and*

*Tactical Advantage, Inc.*


Robert J. Zavaglia, Jr.
Kathleen J. Johnson
TREECE ALFREY MUSAT P.C.
633 17th Street, Suite 2200
Denver, CO 80202
Email: zavaglia@tamlegal.com; kjohnson@tamlegal.com
*Attorneys for Momentum Foundation, Inc.;*
*XP Services, Inc.; and*
*Coastal Defense, Inc.*

Alan J. Feldman
Feldman & Wertz, LLP
215 S. Monarch Street, Suite 303
Aspen, Colorado 81611
Email: alan@aspen-law.com
*Attorneys for Plaintiff Stephen Centofanti*

<div style="text-align:right">S/Michael L. Poindexter</div>