# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00372-STV

STEPHEN CENTOFANTI,

    Plaintiff,

v.

BRIAN EVANS, an individual
TACTICAL ADVANTAGE, INC., a Wyoming corporation
RAYMOND MEZE DAVOUDI, an individual
MOMENTUM FOUNDATION, INC., a Tennessee corporation
XP SERVICES, INC., a Tennessee corporation
COASTAL DEFENSE, INC., a Pennsylvania corporation

    Defendants.

---

## DEFENDANT RAYMOND MEZE DAVOUDI'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST HIM

---

Defendant Raymond Meze Davoudi ("Mr. Davoudi") filed a motion to dismiss (Doc 24) Plaintiff Stephen Centofanti's First, Third, Fourth, and Fifth claims for relief for negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and strict liability distress, respectively, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's response to the motion (Doc 28) confirms that Mr. Davoudi should be dismissed. Plaintiff did not cite to one case that refers to joint venture liability regarding an airplane passenger, let alone a passenger on an experimental aircraft. All of the case law relied upon by Plaintiff demonstrates that in order for there to be joint venture liability, Mr. Davoudi would have had to have a right to control the airplane, or an ownership interest in the airplane. Neither of these were plead in the Complaint, and therefore the claims against Davoudi should be dismissed.

## FOR JOINT VENTURE LIABILITY TO EXIST, A DEFENDANT MUST HAVE LEGAL CONTROL OR OWNERSHIP OF THE AIRCRAFT

1. <u>The Cases Relied Upon by Plaintiff Confirm that Mr. Davoudi Did Not Have Either the Required Control or Ownership of the Aircraft</u>.

The basis of the motion to dismiss is simple: as a non-flying, non-owning passenger aboard an aircraft, Mr. Davoudi did not cause any harm to the Plaintiff. As set forth in the moving papers, Mr. Davoudi was a passenger in the experimental class Vodochody jet trainer being flown by defendant Brian Evans. The Complaint also pleads that the owners of the jet were defendants Momentum Foundation, Inc. and XP Services, Inc. Although Mr. Evans was not permitted to have passengers in the jet, and he flew off the scheduled flight plan, the ultimate decision making authority and control of the aircraft were solely in the control of Mr. Evans, not Mr. Davoudi. The case law cited in Plaintiff's response confirms that for Mr. Davoudi to be liable on a joint venture theory, there must be both (1)

pursuit of a common purpose and (2) each person must have a right to control the operation of the vehicle in question, citing Mayer v. Sampson, 402 P.2d 185, 188(Colo. 1965).  The Complaint fails to plead these required elements.

First, the pleadings do not make clear what the common purpose was other than Mr. Davoudi "assisted and/or participated" in some unspecified manner in the ferrying of the aircraft.  Complaint, para. 16.

Second and more importantly, Plaintiff has not sufficiently plead, nor can he get around the required element of, control over the operation of the aircraft. While the response quotes *dicta* from six different cases, all of which relate to automobiles, the facts in each of those cases demonstrate that for joint liability to exist there must have been an assumption of the liability through an economic control or ownership of the vehicle.  Each case is taken in turn:

a. Spillane v. Wright, 259 P.2d 1078 (Colo. 1953).  Defendant Spillane was found jointly liable for damages in a motor vehicle crash.  Spillane contracted with two co-defendants, Briggs Brothers Construction Company ("Briggs") and Joseph Svercl to haul certain large D-8 Caterpillars with bulldozer blades.  The equipment was improperly loaded into the truck and tipped over in transport onto the plaintiff's car.  Spillane, even though he was not driving the truck, was found liable because he was economically engaged in the venture such that he had control over Briggs and Svercl.  Further, Spillane obtained two permits for the haul, one by his representative who signed in the name of Spillane's construction company, and one permit where Spillane personally stated that he was "*liable and*

*responsible for this equipment being on the highway.*"  Id. at 1081 [emphasis added].  Given the economic relationship, and that Spillane obtained a permit accepting personal liability, he was found jointly liable.

Here, Mr. Davoudi did not pay Mr. Evans to pilot the jet trainer and transport him.  He received no economic benefit and was not a principal over Mr. Evans.  Further, Mr. Davoudi did not have a pilot's license, and did not make a flight plan or obtain any type of permit where he admitted liability for the flight.  He was a passenger and nothing more.

     b.    In Moore v. Skiles, 274 P.2d 311,315(Colo. 1954), the plaintiff was a passenger in her jointly owned car that her husband was driving when they crashed into another vehicle.  Plaintiff, even though she was not the driver, brought suit against the other driver who cross-claimed back.  The court found that on the cross-complaint, Plaintiff was liable for her husband's actions.  She admitted that she was a joint owner of the car such that "where joint occupancy and *possession* of the vehicle is admitted, and where the occupant-owners of the car use it upon a joint mission, the driver will be presumed to be driving for himself and as agent for the other present *joint owners*."  Id. at 316 [emphasis added].

Distinguishable from Moore, the Complaint in this case clearly alleges that the Vodochody jet was owned by defendants Momentum Foundation, Inc. and XP Services, Inc.  Complaint, paras. 5 and 6 (Doc 4).  Mr. Davoudi does not own the

Vodochody jet and under the Moore ruling cannot be held jointly liable without the requisite ownership. The next few cases follow the same reasoning.

 c. The next case cited by Plaintiff is Lasnetske v. Parres, 365 P.2d 250, 254 (Colo. 1961). Again this case demonstrates that Mr. Davoudi cannot be held jointly liable for the events at issue because he was not a co-owner. It is a co-owner of a vehicle, in this case both husband and wife, that have legal rights to control the vehicle and therefore may be jointly liable for its operation. Id. at 254.

 d. Mayer v. Sampson, 402 P.2d 185 (Colo. 1961) is another car accident case where Patton, the car owner, permitted his friend Mayer to drive his car home from a ski trip. Even though Patton was not driving when the crash occurred, he was jointly liable for damages to the other vehicle. His liability was not imposed simply because he was a passenger, but "Patton testified that he was seated on the right side of the front seat and that though Mayer was driving he had retained control over Mayer, *because it was his car*." Id. at 188 [emphasis added]. Again, the owner retained legal control over the vehicle.

 e. The case of Bilsten v. Porter, 516 P.2d 656, 658 (Colo.App. 1973) is clearly not applicable to this matter because the appellate court was applying a state statute that imputed liability to a parent for the negligent acts of child while driving. "The purpose of the statue is to safeguard against indirections of an inexperienced, youthful driver by requiring a financially responsible adult to assume the liability for accidents negligently or willfully caused by the youth." Id.

at 665-658.  Again, the right to control comes from ownership and control a parent or adult exercises over a youth which simply does not apply to this case.

  f.  Finally, the case of <u>Am. Family Mut. Ins. Co. v. AN/CF Acquisition Corp.</u>, 361 P.3d 1098 (Colo. App. 2015) deals with a car dealership allowing a potential customer to test drive a car. The right to control came from the dealership's employee directing the driver where to turn and directing her where to go.  Clearly, the dealership as the owner of the vehicle could retain control such that it was liable for the driver's actions.  <u>Id</u>. at 1103.

  These cases clearly support the Davoudi's contention that for there to be legal control over the jet, and thus for Mr. Davoudi to be a proper defendant, there must have been either (1) an economic relationship where Mr. Davoudi acted as the principal and accepted liability for the operation of the aircraft; or (2) ownership of the aircraft such that he retained the right to control it.  Neither of these required allegations are present in the Complaint.  Nor can an amendment fix the pleadings because Plaintiff has already alleged that Mr. Davoudi was not a licensed pilot, could not legally fly in it as a paying passenger, and he did not own the aircraft.  Complaint, Paras. 5, 6 and 14-16.  The factual reality is that Mr. Davoudi did not have any control over the aircraft and the required element for joint liability is missing.

  2. <u>An Airline Passenger Is Different From an Automobile Passenger</u>.

  Further, there should be somewhat of a distinction between joint venture liability in operation of an automobile verses an aircraft. Flying an airplane

requires a much more strict set of rules governed by the Federal government. As the pilot in command of the jet trainer, Mr. Evans was solely in control as a matter of law. Mr. Evans filed the flight plan. Even if Mr. Davoudi knew of Mr. Evans' intent to change the flight plan, and acquiesced to the change, he had no ability whatsoever to make it happen or control the airplane. He could not change, alter, or have any decision making authority when it came to operating the aircraft because he did not (1) hire Mr. Evans to charter him; (2) own the aircraft such that he retained a legal right to control the flight; and (3) was not a licensed pilot that even knew how to operate an aircraft. Therefore, he could neither physically nor legally exercise any control over the aircraft.

Without a reasonable inference that the defendant can be liable, a motion for dismissal must be granted. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A complaint may be dismissed if the substantive law does not support the claims asserted." Western Innovations, Inc. v. Sonitrol Corp., 187 P.3d 1155, 1158 (Colo. App. 2008).

## CONCLUSION

Based on the moving papers and the foregoing, defendant Raymond Davoudi respectfully requests that this Court dismiss Plaintiff's Complaint as against Mr. Davoudi in its entirety, with prejudice, and that he be awarded his attorney fees and costs as may be allowed by law.

|  |  |
|---|---|
| Dated:  April 26, 2017 | Respectfully Submitted: |
|  | S/Michael L. Poindexter |
|  | Michael L. Poindexter |
|  | The Law Offices of Michael L. Poindexter |
|  | 2132 Montane Dr. E. |
|  | Golden CO 80401 |
|  | Telephone: 303 526-1980 |
|  | FAX:  303 526-1981 |
|  | E-mail:  poinlaw@aol.com |
|  | Attorney for Defendant Raymond Meze Davoudi |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date, April 26, 2017, electronically filed the foregoing **DEFENDANT RAYMOND MEZE DAVOUDI'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST HIM** with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to the following:

Brett M. Godfrey
GODFREY JOHNSON
9557 S. Kingston Court
Englewood, Colorado 80112
Email: godfrey@gojolaw.com
*Attorneys for Defendants Brian Evans and*

*Tactical Advantage, Inc.*

Robert J. Zavaglia, Jr.
Kathleen J. Johnson
TREECE ALFREY MUSAT P.C.
633 17th Street, Suite 2200
Denver, CO 80202
Email: zavaglia@tamlegal.com; kjohnson@tamlegal.com
*Attorneys for Momentum Foundation, Inc.;*
*XP Services, Inc.; and*
*Coastal Defense, Inc.*

Alan J. Feldman
Feldman & Wertz, LLP
215 S. Monarch Street, Suite 303
Aspen, Colorado 81611
Email: alan@aspen-law.com
*Attorneys for Plaintiff Stephen Centofanti*

                                                  S/Michael L. Poindexter