IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-CV-00372-WYD-GPG

STEPHEN CENTOFANTI,

Plaintiff,

v.

BRIAN EVANS,
TACTICAL ADVANTAGE, INC., a Wyoming corporation
RAYMOND MEZE DAVOUDI, an individual
MOMENTUM FOUNDATION, a Tennessee corporation
XP SERVICES, INC., a Tennessee corporation
COASTAL DEFENSE, INC., a Pennsylvania corporation

Defendants.

_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
F.R.C.P. RULE 12(c) MOTION TO DISMISS**
_____

Plaintiff Stephen Centofanti, through counsel Feldman & Wertz, LLP and Ogborn Mihm, LLP, respectfully submits the following Response to Defendants' Motion to Dismiss and in support thereof states:

## I. INTRODUCTION

Defendants XP Services, Inc. and Momentum Foundation ("Momentum/XP") brought this underlying motion seeking alternative relief under F.R.C.P. Rule 12(c) and F.R.C.P. Rule 56. Recently, the Court rejected the F.R.C.P. Rule 56 portion of the motion as well as struck all of the exhibits to the motion, informing the parties that its review would be limited to F.R.C.P. Rule 12(c).

Under F.R.C.P. Rule 12(c), Momentum/XP seeks dismissal of Centofanti's claim of Strict Liability[1] claiming federal preemption by 49 U.S.C. §44112 as Centofanti "did not plead that Momentum/XP possessed or controlled the aircraft at the time of the incident." 49 U.S.C. §44112 provides exclusions from liability to aircraft lessors, owners and secured parties unless the aircraft was in the "actual possession or control of the lessor, owner, or secured party." 49 U.S.C. §441123)(b). Momentum/XP's argument fails as confirmed directly by the portions of Centofanti's Complaint that Momentum/XP opted to cite to within their motion. It is not a prerequisite that Centofanti's Complaint contain the specific words "possession or control." The requirements of a pleading do not require a strict construction of what constitutes control and instead require only a facially plausible basis for liability.

## II. STANDARD OF REVIEW

F.R.C.P. 8(a) provides that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a). Decisions in the Federal Courts interpreting the requirements of this rule have been uniform in applying what is known as a plausibility standard, which was articulated in *Bell Atlantic Corp. v. Twombly, 550 U.S. 544* (2007). Federal courts applying the *Twombly* standard adhere to an approach that accepts a plaintiff's well-pleaded factual allegations as true. "We accept a plaintiff's well-pleaded factual allegations as true and determine whether the plaintiff has provided "enough facts to state a claim to relief that is plausible on its face." *George v. Urban Settlement Servs., 833 F.3d 1242, 1247* (10th Cir. 2016). In determining the plausibility of a claim, the Tenth Circuit looks "to the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard

---

[1] The Title of the Claim in the Complaint as "Strict Liability in Distress" was simply a typographical error

doesn't require a plaintiff to set forth a prima facie case for each element." *George*, 833 F.3d at 1247. (citations omitted).[2] The nature and specificity of the allegations required to state a plausible claim will vary based on context; "a claim is facially plausible if the plaintiff has pled factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; see also *Iqbal*, 556 U.S. at 678

### III. Argument

#### A. Centofanti has met the requirements of F.R.C.P. 8(a)

Momentum/XP's motion misstates the duties and obligations Plaintiff has under the F.R.C.P. with respect to pleading requirements. According to the Momentum/XP, Centofanti "failed to allege that the aircraft was in the actual possession or control of XP/Momentum at the time of the accident." *Defendants' Motion to Dismiss,* at *Page 8.* While the words, "possession and control" are not written specifically in the Complaint, there can be no doubt that the Complaint, including the portions of which were directly quoted by Momentum/XP in their motion, provide that Momentum/XP "owned the Vodochody" and "consented" to its flight on May 28, 2018.[3]  Those allegations are synonymous with possession and control.

Momentum/XP's motion rests on the sole argument that Centofanti claim fails for not specifically using the words "possession or control" when referring to Momentum/XP and as a result, 49 U.S.C. § 44112(b) preempts and negates Centofanti's claim. Momentum/XP contends that 49 U.S.C. § 44112(b) limits an aircraft owner's liability unless the aircraft is "in the actual

---

[2] Motions seeking relief under F.R.C.P. Rule 12(b)(6) and F.R.C.P. Rule 12(c) apply the very same standard of review.  "Such motions are functionally equivalent to motions to dismiss and are reviewed under the same standards.  For this reason, courts will routinely convert an untimely motion to dismiss for failure to state a claim into a motion for judgment on the pleadings." *Estate of Stevens ex rel. Collins v. Bd. of Comm'rs of Cty. of San Juan,* 53 F. Supp. 3d 1368, 1372 (D.N.M. 2014)(internal citations omitted)

[3] Momentum admits to being owners of the aircraft in their Motion.  *See, Motion to Dismiss, Footnote 1, Page 5.*

3

possession or control of the lessor, owner, or secured party at the time of the occurrence." (*Defendants Motion to Dismiss* at 6). This argument might be meritorious had Centofanti not specifically alleged in his Complaint that Momentum/XP owned the aircraft and "consented" to its flight on May 28, 2015. Centofanti's pleading obligation under the Federal Rules of Civil Procedure is not to exhaustively document every data point for each claim. Rather, at the early stage of litigation, it serves to provide reasonable notice to the opposition of the claims made and the factual basis the claim is based on. In this case, Centofanti did just that which was everything he knew at the time of filing the Complaint.

Momentum highlighted the relevant allegations in the Complaint germane to this argument:

"5. Defendant Momentum Foundation, Inc., ("Momentum") by information and belief, is an owner of the aircraft and a corporation domiciled in Tennessee.

6. Defendant XP Services, Inc. ("XP") by information and belief, is an owner of the aircraft and a corporation domiciled in Tennessee.

14. By information and belief, the Vodochody is jointly owned by XP Services, Inc. And Momentum Foundation, Inc.

69. The Vodochody is owned by XP Services, Inc. And Momentum Foundation, Inc.

70. Tactical Advantage, Inc., Coastal Defense, Inc., XP Services, Inc. And Momentum Foundation, Inc. all either consented to or permitted Evans and Davoudi to operate the Vodochody on May 28, 2015 when the events forming the basis of this Complaint occurred.

78. As owners who consented to Evans and Davoudi's operation of the Vodochody on May 28, 2015, XP Services, Inc. And Momentum Foundation, Inc. are strictly liable for Centofanti's damages.

Compl. (Docket No. 4) ¶¶ 5,6, 14, 69, 70, 78." *Mot. To Dismiss. Page 4*

Momentum/XP claims that Centofanti's Complaint contains insufficient allegations to apprise them of the nature of the strict liability claim merely because the words "possession or control" do not exist in the Complaint. This argument fails for three reasons. First, if Momentum/XP are to be believed, the only time an owner, lessor or secured party could ever be liable for their aircraft is when that party is actually piloting the aircraft. If that was the intent of the legislature, 49 U.S.C. §44112 would specifically state as much. It does not and Momentum/XP's attempt at such a strict interpretation of "possession or control" is at best wishful thinking.

Second, if Momentum/XP is again to be believed, a well-pled Complaint would have required information not yet available to Centofanti when the Complaint was drawn. The relationship between Evans and Davoudi on the one hand and Momentum/XP on the other, was unknown when the Complaint was drawn as Centofanti could not possibly have known those facts. As such, Centofanti pled that Momentum/XP permitted and consented to the flight which satisfies his pleading requirements.

Third, Momentum/XP's claim seeks a specificity in the Complaint that is not required. The Tenth Circuit looks, "to the elements of a particular cause of action, keeping in mind that the Rule 12(b)(6) standard doesn't require a plaintiff to set forth a prima facie case for each element." *George v. Urban Settlement Servs.,* 833 F.3d at 1247 (10th Cir. 2016). Unlike Momentum/XP's rigid view, *George* confirms F.R.C.P. Rule 8(a)(2)'s requirements that a complaint must contain "a short, plan statement of the claim showing that the pleader is entitled to relief." *F.R.C.P. Rule 8(a)(2).* As stated above, this is context-sensitive and a plaintiff only has to plead "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *George v. Urban Settlement Servs.,* 833 F.3d at

5

1247 (10th Cir. 2016), See also *Ashcroft v. Iqbal,* 556 U.S. at 678 (2009). In this case, Centofanti pled that Momentum/XP were owners of the airplane, permitted Evans to pilot the airplane on May 28, 2015 and consented to that flight. This sufficiently implies Momentum/XP had possession or control over the aircraft and for Momentum/XP to argue that they were not adequately put on notice of the basis for Centofanti's claim for strict liability strains credulity.

Momentum/XP fails to articulate any fatal difference between the analogous allegations of "possession or control" and "consent."  As such, the applicable standard of review simply requires that Centofanti's allegations are to be taken in the light most positive to the plaintiff, or in other words, to be true. Read in this light, Centofanti's Complaint illustrates a clear connection between Momentum/XP's ownership and the exercising of that ownership power by permitting and consenting to the flight at issue in this case. 49 U.S.C. § 44112(b) contemplates protections for owners of aircraft who exercise zero control over the aircraft – purely passive owners. Indeed, the legislative history surrounding the code illustrates the desire of the legislature to protect this specific type of owner. What the code does not do, however, is impart protections to owners who play an active role in the functional operation of their aircraft. In this instance, as is clearly written in the Complaint, Momentum/XP exercised that power and influence over the aircraft when they consented and permitted Evans to fly their plane. There is not a more basic definition of possession or control than that. Indeed, Black's Law Dictionary defines *control* as **1.** To exercise power or influence over. **2.** To regulate or govern. (*Black's Law Dictionary*, *Eighth edition*, page 353). It is certainly plausible that permission or consent are concomitant to possession and control. For without permission from Momentum/XP the flight by Evans could not have taken place.

## IV. Conclusion

The allegations contained in the Centofanti's Complaint are sufficient to support his claim for Strict Liability and Momentum/XP's motion should be denied. The Complaint states a plausible claim that Momentum/XP's controlled the aircraft and the flight at issue by permitting and consenting to that flight. Momentum/XP's interpretation of 49 U.S.C. §44112 is limited to owners who exert no control over their airplanes. That is simply not the case in this situation as clearly pled in the Complaint and as the facts will confirm in the record of this civil action. Permission and consent to another individual to fly the aircraft is without a doubt an exercise of control or possession over that aircraft.

Date:   June 20, 2018

                                      Respectfully Submitted:

                                      Feldman & Wertz, LLP

                                      S/*Alan Feldman*

By:   _____

                                      Alan Feldman, #31737
                                      *Attorneys for Plaintiff*
                                      215 S. Monarch Street, Suite 303
                                      Aspen, CO 81611
                                      (970)-925-1025

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June 2018, a true and correct copy of the foregoing Response was duly served on all counsel of record in this civil action via electronic filing with ECM.

*~s~ Alan Feldman*

_____

Alan Feldman