**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-00372-WYD-GPG

STEPHEN CENTOFANTI,

      Plaintiff,

v.

BRIAN EVANS, an individual;
TACTICAL ADVANTAGE, INC., a Wyoming corporation;
RAYMOND MEZE DAVOUDI, an individual;
MOMENTUM FOUNDATION, INC., a Tennessee corporation;
XP SERVICES, INC., a Tennessee corporation; and
COASTAL DEFENSE, INC., a Pennsylvania corporation;

      Defendants.

---

**DEFENDANTS MOMENTUM FOUNDATION INC., AND XP SERVICES, INC.'S
REPLY IN SUPPORT OF FED. R. CIV. P. 12(c) MOTION TO DISMISS**

---

Momentum Foundation, Inc. and XP Services, Inc.; (hereinafter collectively, "Momentum/XP"), by and through their counsel, Treece Alfrey Musat P.C., and hereby submit their Reply in Support of their Motion to Dismiss, and in support thereof states as follows:

**ARGUMENT**

In his Response Plaintiff cites no pleaded facts that support a finding of actual possession or control. The sole allegation Plaintiff references is that Momentum/XP consented to the operation of the aircraft by Mr. Evans and Mr. Davoudi. *See* Resp. p. 4. However, this allegation

is inadequate to establish that Momentum/XP exercised *actual* control over the aircraft at the time of the incident as required by 49 U.S.C. § 44112.

**A.**     **XP/Momentum's consent was not actual control over the operation of the aircraft**

Plaintiff conclusively states in his Response that ". . . without permission from Momentum/XP the flight by Evans could not have taken place." Resp. p. 6. There is no such allegation in the Complaint that consent or permission from Momentum/XP was required for the flight – such a conclusion would require speculation. Rather, all Complaint paragraphs concerning control over the operation of the aircraft are silent as to XP/Momentum. Plaintiff alleges that Evans operated the aircraft through his corporate entity and pursuant to employment or contract with Coastal Defense. *See* Compl. ¶¶ 66-68. There are no allegations that Mr. Evans had any relationship with XP/Momentum, or that Momentum/XP did or even could control any aircraft operations. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted). Here, speculation is required to conclude that XP/Momentum's alleged consent was actual control of the aircraft at the time of the incident.

Even if this allegation of consent could reasonably infer Momentum/XP exercised actual control of the aircraft, Plaintiff's own allegations in the Complaint defeat this argument. Plaintiff alleges that Mr. Evans and his passenger "made the decision to take this abnormal and ultra-hazardous route <u>independently</u> a few minutes after takeoff" *See* Compl. ¶ 25, emphasis added, see also ¶ 19. At the time of the incident, by Plaintiff's own admission, the airplane was independently controlled by its occupants. Therefore, even viewed in the light most favorable to

Plaintiff, the single allegation of consent to aircraft operation is insufficient to establish actual control.

**B.      A lone allegation of consent to operation does not establish actual control.**

Colorado law supports the conclusion that mere consent does not constitute actual control over an aircraft. In *McCord v. Dixie Aviation Corp.*, 450 F.2d 1129, 1130 (10th Cir. 1971), the plaintiff filed suit against a fixed base operator ("FBO") that rented an airplane to an allegedly negligent pilot. As in the case at hand, plaintiffs did not charge any active negligence to the FBO, nor did they allege any agency relationship. *See id.* at 1129. In declining to find a cause of action against the FBO solely based on its status as the owner, the Tenth Circuit noted that "if Congress had intended to impose strict liability on an owner-bailor, it was capable of clearly and directly so providing." *See id*. at 1131.

Although *McCord* dealt with whether a claim based on federal statute was proper, it is nonetheless instructive as the court expressly rejected rationale that an owner is liable for the conduct of one to whom he entrusts an airplane, regardless of the degree of control. *See id. at 1130.* Mere permission, consent, or entrustment of an airplane to a pilot is insufficient to establish the control required by 49 U.S.C. § 44112. A contrary interpretation would render the statute's liability limitations meaningless -- authorized use by anyone other than the owner would result in exposure to liability. This is contrary to the statutes very purpose of limiting liability. *See id., see also* Mot. p. 6 (examples of authorized use as insufficient to establish control).

Similarly, other federal courts have held "49 U.S.C. § 44112 requires that the owner/lessor be in 'actual possession or control' of the aircraft to be held liable. The district

court in *In re Lawrence Inlow* addressed the term 'actual possession or control' and determined that the owner/lessor must be 'engaged in some concrete fashion in the operation of the aircraft' in order to be liable." *Escobar v. Nevada Helicopter Leasing LLC*, No. 13-00598 HG-RLP, 2016 WL 3962805, at *12 (D. Haw. July 21, 2016) citing *In re Lawrence Inlow*, 2001 WL 331625 at *18.

Here, Plaintiff did not allege Momentum/XP was engaged in any concrete fashion in the operation of the aircraft. Plaintiff did not allege that Momentum/XP had actual control over the operation of the aircraft or engaged in any part of the actual operation of the aircraft. Rather, as in *McCord*, Plaintiff's allegations were limited to consent/permission given to the pilot to fly the aircraft. As discussed previously, such allegations are insufficient to establish actual control.

**C.      The Federal Aviation Regulations vest actual control of the aircraft with the pilot in command.**

Lastly, the Federal Aviation Regulations further support that Momentum/XP cannot be considered to have been in actual control of the aircraft during the flight. Section 91.3(a) of the Federal Aviation Regulations (14 C.F.R. § 91.3(a)) specifies that "[t]he pilot in command of an aircraft is directly responsible for, and is the final authority as to, the operation of the aircraft." The pilot is responsible and has final authority for the operation of an aircraft, *Spaulding v. United States*, 455 F.2d 222, 226 (9th Cir. 1972), and Momentum/XP could not have exercised control over the aircraft. Even if Momentum/XP held statutory or implied contractual authority over the operation of the aircraft as it owner, the control would be only constructive rather than actual as required by 49 U.S.C. § 44112.

## **CONCLUSION**

There are no pleaded facts that could establish any possession or control of the aircraft by Momentum/XP necessary to sustain that claim as a matter of federal statute. The claim against Momentum/XP is barred as a matter of law by 49 U.S.C. § 44112(b) under Rule 12 and Momentum/XP is therefore entitled to dismissal of that claim against them.

WHEREFORE, XP Services and the Momentum Foundation respectfully request that the Court grant their Motion and dismiss the single claim against XP/Momentum pursuant to FED. R. CIV. P. 12(c), and grant them their attorney's fees and costs in bringing this motion and defending that claim as to those defendants.

Respectfully submitted this 5th day of July 2018.

s/ Kathleen J. Johnson
Robert J. Zavaglia, Jr.
Kathleen J. Johnson
TREECE ALFREY MUSAT P.C.
633 17th Street, Suite 2200
Denver, CO 80202
(303) 292-2700
FAX: (303) 295-0414
Email: zavaglia@tamlegal.com;
kjohnson@tamlegal.com
*Attorneys for Momentum Foundation, Inc.; XP Services, Inc.; and Coastal Defense, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following by the email address(es) indicated:

Michael Jon Ogborn
Ogborn Mihm, LLP
Email: mike.ogborn@omtrial.com

Alan J. Feldman
Feldman & Wertz, LLP
Email: alan@aspen-law.com
*Attorneys for Plaintiff Stephen Centofanti*

Brian Joseph Lawler
Pilot Law, P.C.
Email: blawler@pilotlawcorp.com

Brett M. Godfrey
Joshua Kent Smith
Godfrey Johnson P.C.
Email: godfrey@gojolaw.com
smith@gojolaw.com
*Attorney for Defendants Brian Evans and Tactical Advantage, Inc.*

                                                *s/ Roberta Musser*
                                                Roberta Musser